**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ignacio GONZALEZ, Defendant–
Appellant.**

No. 00–50223.

D.C. No. CR–99–03291–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 14, 2000[1].

Decided Aug. 16, 2002.

Before RYMER, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM[2]

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

### A. Constitutionality of 21 U.S.C. § 960

Gonzalez claims that 21 U.S.C. § 960 is unconstitutional because it permits a judge to increase the maximum penalties for drug violations without requiring that the factors which cause such increases, drug type and quantity, be alleged in the indictment and determined beyond a reasonable doubt by a jury as required under *Apprendi v. New Jersey*.[3] We determined that § 960 is constitutional in *United States v. Mendoza–Paz*.[4] Thus, Gonzalez's argument fails.

### B. Constitutionality of Waiver in Proposed Plea Agreement

The proposed plea agreement required Gonzalez to waive his rights to impeachment and affirmative defense information that the Government would be required to provide if the case proceeded to trial. Gonzalez argues that the plea agreement was unconstitutional because of this waiver. The Supreme Court recently decided that the Constitution does not require the

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

3. *See* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

4. 286 F.3d 1104, 1107 (9th Cir.2002).

Government to disclose material impeachment evidence or affirmative defense information prior to entering into a plea agreement with a criminal defendant.[5]  Thus, plea agreements containing such a waiver are valid.

AFFIRMED.

**5.** *United States v. Ruiz,* No. 01–595, slip op. at 9 (U.S. June 24, 2002).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.